# McKENZIE *v.* GARRETT.

PATENTS; INTERFERENCE; PRIORITY; RES JUDICATA; PLEADING; ESTOPPEL;
WAIVER.

1. There are no pleadings in an interference case, the preliminary state-
   ments of the parties simply alleging the dates of conception and re-
   duction to practice.

2. The Commissioner of Patents is entitled, in interference, to look to the
   records of his own department and the reports and decisions of courts
   in cases relating to actions therein without pleading. (Citing *Re
   Drawbaugh*, 9 App. D. C. 219; *Re Marconi*, 38 App. D. C. 286.)

3. The Commissioner of Patents is authorized to consider in interference
   the question of *res judicata* though not raised by a motion to dissolve,
   when that question is shown by his own decisions and those of this
   court, on appeal therefrom, and would not necessarily have been pre-
   sented by a motion to dissolve.

4. The estoppel to litigate again a question adjudicated in a prior inter-
   ference is not waived, by submitting evidence upon such question, in
   a subsequent interference in which the Commissioner of Patents is
   authorized to take into consideration the effect of former decisions in
   his office.

5. A decision awarding priority in interference is not *res judicata* in a
   suit in equity by the losing party, instituted under sec. 4915, U. S.
   Rev. Stat. Comp. Stat. 1913, § 9460, to compel the issue of the patent
   refused in the Patent Office, but is final in a second interference
   (citing *Blackford* v. *Wilder*, 28 App. D. C. 535; *Horine* v. *Wende*, 29
   App. D. C. 415; *Re Edison*, 30 App. D. C. 321; *United States ex rel.
   Newcomb Motor Co.* v. *Moore*, 30 App. D. C. 464; *Carroll* v. *Hall-
   wood*, 31 App. D. C. 165; *New Departure Mfg. Co.* v. *Robinson*, 39
   App. D. C. 504; *Sutton* v. *Wentworth*, 41 App. D. C. 582) ; and the
   fact that it is not final in the former does not affect its finality in
   the latter.

No. 923. Patent Appeal. Submitted November 10, 1914. Decided January
5, 1915.

HEARING on an appeal from a decision of the Commissioner
of Patents in an interference case.          *Affirmed.*

The COURT in the opinion stated the facts as follows:

Angus McKenzie appeals from the decision of the Commissioner of Patents in an interference case awarding priority of invention relating to voting machines to his opponent, James C. Garrett. The issue is declared in the following counts:

"1. In a voting machine, counters and actuators, a device having cams thereon adapted to move all the actuators of the machine to their set or operative position, a barrier, and means connecting the barrier and the said device.

"2. In a voting machine, actuators and counters, a sliding bar having notches or recesses therein, each notch having a beveled or inclined surface adapted to move an actuator out, means for operating said bar, and a barrier connected to said means so that the bar and barrier may be moved simultaneously.

"3. In a voting machine, actuators and counters therefor, a bar having notches or recesses therein, each notch having a beveled or inclined surface adapted to move the actuators out, a barrier, and means for connecting the barrier and the bar so that the two may be operated simultaneously.

"4. In a voting machine, actuators and counters, a sliding bar having notches or recesses in the edge thereof, each notch having one of its surfaces beveled or inclined, the surface of the bottom of each notch being substantially the same shape as that part of the edge of the bar between the notches, a barrier and means for connecting the barrier and the bar so that they may be operated simultaneously."

Garrett is the senior party by virtue of an application filed June 8, 1895. McKenzie filed July 3, 1899. The preliminary statement of Garrett claimed conception of the invention January 20, 1891, and reduction to practice about December 24, 1894. The statement for McKenzie made by his assignee alleged conception about January 21, 1894, and reduction to practice about March 1, 1895.

The tribunals of the Patent Office agreed in the decision that McKenzie's proof of reduction to practice was not suffi-

cient, and confined him to the date of his application. This being long subsequent to Garrett's filing date, priority was awarded to Garrett. It appears that the application of Garrett had been in an interference proceeding with one Davis. In that proceeding Davis moved to strike Garrett's application from the files under rule 31 of the Patent Office because of a change made in the application after it had been sworn to by the inventor. That issue was decided in favor of Garrett, and was affirmed on appeal to this court June 5, 1906. See *Davis* v. *Garrett,* 28 App. D. C. 9.

It appears from the proceedings in the Patent Office that at the time the interference in the above case was declared the application of McKenzie was on file, but was not included in the interference. The invention of McKenzie is owned by the same party who owned the Davis invention at that time. The Patent Office tribunals all decided that the question now raised by McKenzie's assignee was adjudicated in the former case and that he was estopped to litigate it again. On appeal from the Commissioner's decision, it is urged that the question of former adjudication was not presented by the pleading; that by submitting evidence Garrett has waived the question; that the decision of the court of appeals in *Davis* v. *Garrett,* is not a final adjudication, and is not, therefore, binding upon the appellant.

*Mr. Frank Keiper* and *Mr. Melville Church* for the appellant.

*Mr. F. S. Appleman* for the appellee, James C. Garrett, who also appeared *in propria persona.*

Mr. Chief Justice Shepard delivered the opinion of the Court:

There are no pleadings in an interference case. The preliminary statements of the parties simply allege the dates of conception and reduction to practice. Where the question of

priority has previously been determined, the question may be raised by a motion to dissolve the interference on that ground, but, in this case, a motion to dissolve would not necessarily have presented the question. The Commissioner of Patents is entitled to look to the records of his own department and the reports and decisions of courts in cases relating to actions therein without pleading. See *Re Drawbaugh*, 9 App. D. C. 219, 257; *Re Marconi*, 38 App. D. C. 286, 291.

As the question of *res judicata* as presented in this case was shown by his own decisions and those of the court of appeals, on appeal therefrom, he was authorized to consider the question.

2. By submitting evidence on the question, the appellee has not waived the estoppel. As shown in the preceding paragraph the Commissioner was authorized to take into consideration the effect of former decisions in his office, and the appellee was not, therefore, estopped by submitting evidence on the question of changes in the specification after having sworn to the same. His evidence was on the issue as presented in the office, and he has not waived his right by submitting the same.

3. It is true that the decision in *Davis* v. *Garrett* is not final in the sense that it is a complete settlement of the right to the patent. The losing party has the right to proceed in equity under section 4915, Revised Statutes, Comp. Stat. 1913, § 9460, and the decision in the former case is not *res judicata*. *Morgan* v. *Daniels*, 153 U. S. 120, 124, 38 L. ed. 657, 658, 14 Sup. Ct. Rep. 772. But while the proceeding is in the Patent Office that decree is final in so far as proceedings in the Patent Office are concerned. *Butterworth* v. *United States*, 112 U. S. 50, 60, 28 L. ed. 656, 659, 5 Sup. Ct. Rep. 25.

The judgment was certified to the Commissioner, and governs further proceedings in the Patent Office. For that reason the doctrine of *res judicata* has been upheld in the Patent Office in many cases. *Blackford* v. *Wilder*, 28 App. D. C. 535, 542; *Horine* v. *Wende*, 29 App. D. C. 415, 426; *Re Edison*, 30 App. D. C. 321; *United States ex rel. Newcomb Motor Co.* v. *Moore*, 30 App. D. C. 464; *Carroll* v. *Hallwood*, 31

App. D. C. 165; *New Departure Mfg. Co.* v. *Robinson,* 39 App. D. C. 504; *Sutton* v. *Wentworth,* 41 App. D. C. 582. :

It appears in the evidence that there is a suit pending in the United States district court for the district of New Jersey, instituted by Davis, the party to *Davis* v. *Garrett,* to compel the issue of the patent that was refused in the Patent Office in *Davis* v. *Garrett.* This suit was brought under section 4915, Revised Statutes, and it is expressly provided for in that section, but does not take away the finality of the judgment in *Davis* v. *Garrett* in so far as proceedings in interference are concerned. If successful, it will have the effect to set aside the former award of priority to Garrett and require issue of the patent to Davis. This is the express object of the section.

We concur with the Commissioner of Patents in his decision that the question that has been raised by McKenzie was adjudicated in *Davis* v. *Garrett,* and that McKenzie is estopped to raise that question again.

The decision of the Commissioner of Patents is affirmed, and the clerk will certify this decision to him as required by law.

*Affirmed.*